IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| ORLANDO JEFFERSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   CV 323-077 |
| | ) |
| WARDEN DOUG WILLIAMS, | ) |
| | ) |
| Respondent. | ) |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Petitioner, incarcerated at Wheeler Correctional Facility in Alamo, Georgia, submitted a five-page handwritten "complaint" for "habeas corpus." (Doc. no. 1.) Upon review of Petitioner's filings, it is unclear whether he was attempting to assert a claim pursuant to 42 U.S.C. § 1983 or was attempting to petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. Moreover, Petitioner did not submit his claims on the standard § 1983 complaint form for violations of civil rights nor on the standard § 2254 habeas corpus petition form and named Warden Doug Williams as the Respondent. (Id. at 1.) In his statement of the claim, Petitioner claimed false imprisonment, requested immediate release from prison, and also requested monetary damages. (Id. at 3-4.) In an Order dated October 31, 2023, the Court explained to Petitioner the difference between a § 1983 complaint and a petition for habeas corpus relief and instructed him that he must make a selection as to which type of case he intended to bring. (See doc. no. 3.)

The Court also instructed the Clerk of Court to include an appropriate form civil rights complaint used by incarcerated litigants in the Southern District of Georgia and a form habeas corpus petition with Petitioner's service copy of the October 31st Order. (Id. at 2.) The Court directed Petitioner to make his selection as to a civil rights or habeas corpus case by returning the appropriate form of the two provided by the Clerk. (Id.) On November 13, 2023, Petitioner submitted an amended habeas corpus petition. (Doc. no. 4.) Problematically, Petitioner failed to comply with the Court's instructions and still asserts a claim for monetary damages pursuant to 42 U.S.C. § 1983 and petitions for habeas corpus relief pursuant to 28 U.S.C. § 2254 in requesting immediate release from prison. (See generally id.)

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Ala. Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) (*per curiam*) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority: Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] [w]illful disobedience or neglect of any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1 (b) & (c). Finally, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a petitioner has failed to comply with a court order, "especially where the litigant has been forewarned." Owens v. Pinellas Cty. Sheriff's Dep't, 331 F. App'x 654, 655

2

(11th Cir. 2009) (*per curiam*) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)).

Here, the Court ordered Petitioner to make a selection as to whether he sought to pursue monetary relief under § 1983 or habeas corpus relief in the form of release from prison. (Doc. no. 3.) The Court also explained to Petitioner the difference between a § 1983 civil rights case and a habeas corpus case. (Id. at 1.) Furthermore, the Court warned Petitioner that failing to comply with the terms of the October 31st Order would result in a recommendation for dismissal of this case without prejudice. (See id. at 2.) Petitioner's failure to comply with the terms of the Court's Order amounts to willful disobedience and a deliberate decision to ignore the instructions of the Court's October 31st Order. This is precisely the type of noncompliance contemplated by the Local Rules.

The Court recognizes that Petitioner is proceeding *pro se* and acknowledges that courts have voiced a dislike for the harshness of dismissing a *pro se* case with prejudice prior to an adjudication on the merits.[1] See, e.g., Gormley v. Nix, No. 04-12374, 2005 WL 2090282, at *3-4 (11th Cir. Aug. 31, 2005); Dickson v. Ga. State Bd. of Pardons & Paroles, No. 1:06-CV-1310-JTC, 2007 WL 2904168, at *6 (N.D. Ga. Oct. 3, 2007). Thus, the Court is simply recommending dismissal without prejudice until such time as Petitioner is willing to file his case and follow the Court's orders. See Mobin v. Mobin, No. 15-11439, slip op. at 2-3 (11th Cir. Oct. 7, 2015) (affirming dismissal without prejudice where incarcerated litigant refused to comply with court instructions to select civil rights or habeas corpus relief).

Moreover, to the extent Petitioner seeks habeas corpus relief challenging the judgment of conviction entered in the Superior Court of Dekalb County, the proper venue is the Northern

---

[1] Unless the Court specifies otherwise, a dismissal for failure to prosecute operates as an adjudication on the merits. See Fed. R. Civ. P. 41(b).

3

District of Georgia, which is the district encompassing the county of conviction. See 28 U.S.C. § 2241(d). Indeed, Petitioner has previously filed a § 2254 petition in that district challenging the same Dekalb County conviction. See Jefferson v. Williams, No. 1:23-CV-01267-VMC (N.D. Ga. Aug. 16, 2023).

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 14th day of November, 2023, at Augusta, Georgia.

*[signature]*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA